1

2

3

4          **IN THE UNITED STATES DISTRICT COURT FOR THE**

5                **EASTERN DISTRICT OF CALIFORNIA**

6

7    **JONATHAN ALCAY,**              )     **1:12-CV-1643  AWI SMS**
                                      )
8                   **Plaintiffs**,   )
           **v.**                     )     **ORDER ON DEFENDANT'S**
9                                     )     **MOTION TO DISMISS**
     **CITY OF VISALIA, et al.,**     )
10                                    )
                                      )     (Doc. No. 16)
11                  **Defendants.**   )
     ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯          )

12

13

14         This is a civil rights case that arises from an encounter between Plaintiff Jonathan Alcay

15   and members of the City of Visalia Police Department.  The active complaint is the First

16   Amended Complaint ("FAC").  The FAC alleges two claims under 42 U.S.C. § 1983 based on

17   violations of the Fourth Amendment, and state law claims for assault and battery, false arrest and

18   imprisonment, two claims of negligence, and Civil Code §§ 52 and 52.1.  The City of Visalia

19   ("the City") now moves to dismiss all claims alleged against it, save for the third cause of action

20   for assault and battery.  For the reasons that follow, the motion will granted, but additional

21   briefing is required.

22

23                              **FACTUAL BACKGROUND**

24         From the FAC, on August 28, 2011, Alcay was walking on a sidewalk with his cousin in

25   Visalia, California.  Alcay noticed someone running towards them.  Presumably, City police

26   officers were following the running individual.[1]  Once the officers reached Alcay and his cousin,

27   several unknown City police officers threw Alcay's cousin onto the ground.  Alcay's instinct was

28

     ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
          [1]The Court says "presumably" because the FAC does not allege whether the officers where chasing the
     running individual.  There is a gap in the factual allegations in the FAC.

1    to run, so he ran towards a nearby wooden fence.  The unknown City police officers then pushed

2    Alcay against the fence and pulled him backwards on the ground.  Due to several severe blows to

3    his head by the unknown City police officers, Alcay lost consciousness.  Alcay sustained

4    lacerations and bruises on his nose, right eyebrow, and lips, and the back of his head was cut

5    open and required staples.  Alcay continues to suffer headaches, difficulty sleeping, blurred

6    vision, frustration, and depression as a result of this incident.  Alcay was 17 years old at the time

7    of the incident.  Alcay had no criminal history and had committed no crime.  The City police

8    officers had no probable cause or reasonable suspicion to detain Alcay.

9

10                                    **LEGAL STANDARD**

11         Under Federal Rule of Civil Procedure 12(b)(6)**,** a claim may be dismissed because of the

12    plaintiff's "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A

13    dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the

14    absence of sufficient facts alleged under a cognizable legal theory.  Conservation Force v.

15    Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011); Johnson v. Riverside Healthcare Sys., 534 F.3d

16    1116, 1121 (9th Cir. 2008).  In reviewing a complaint under Rule 12(b)(6), all allegations of

17    material fact are taken as true and construed in the light most favorable to the non-moving party.

18    Faulkner v. ADT Sec. Servs., 706 F.3d 1017, 1019 (9th Cir. 2013); Johnson, 534 F.3d at 1121.

19    However, the Court is not required "to accept as true allegations that are merely conclusory,

20    unwarranted deductions of fact, or unreasonable inferences."  Wilson v. Hewlett-Packard Co.,

21    668 F.3d 1136, 1145 n. 4 (9th Cir. 2012); Sprewell v. Golden State Warriors, 266 F.3d 979, 988

22    (9th Cir. 2001).  To "avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient

23    factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v.

24    Iqbal, 556 U.S. 662, 678 (2009); see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

25    "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

26    draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556

27    U.S. at 678.  "Plausibility" means "more than a sheer possibility," but less than a probability, and

28    facts that are "merely consistent" with liability fall short of "plausibility."  See id.; Li v. Kerry,

                                              2

710 F.3d 995, 999 (9th Cir. 2013).  The Ninth Circuit has distilled the following principles from *Iqbal* and *Twombly*:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).  If a motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made . . . ."  Henry A. v. Willden, 678 F.3d 991, 1005 (9th Cir. 2012).  However, leave to amend need not be granted if amendment would be futile or if the plaintiff has failed to cure deficiencies despite repeated opportunities.  See Mueller v. Aulker, 700 F.3d 1180, 1191 (9th Cir. 2012); Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010).

## DEFENDANT'S MOTION

### 1.   First Cause of Action – 42 U.S.C. § 1983 – Fourth Amendment

#### *Defendant's Argument*

The City argues that the first cause of action suffers from two deficiencies.  First, the claim is improperly attempting to rely on *respondeat superior* liability.  Second, no individual defendants are identified.

#### *Plaintiff's Opposition*

Alcay argues that he does not know the identity of the specific City police officers, but he has served discovery in order to ascertain the officers' identifies.  Otherwise, there are sufficient facts alleged to support a cause of action.  The FAC alleges that the police officers acted under color of state law, the officers had neither probable cause nor reasonable suspicion to either search or seize Alcay, and Alcay's rights were violated.

#### *Discussion*

The City's first argument has merit.  This cause of action is alleged against all defendants, but is based on "restraining, arresting, seizing, and using excessive force" by the individual

1  police officers.  See FAC at ¶ 20.  Without allegations of a policy, custom, or practice, the claim

2  against the City amounts to an attempt at *respondeat superior* liability.  However, a municipality

3  "cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality

4  cannot be held liable under [42 U.S.C. § 1983] under a *respondeat superior* theory."  Monell v.

5  Department of Soc. Servs., 436 U.S. 658, 691 (1978); Henry v. County of Shasta, 132 F.3d 512,

6  524 (9th Cir. 1996).  Dismissal of the City from this cause of action is appropriate.

7       As for the City's second argument, the Court is not persuaded.  The FAC includes as

8  defendants 50 Unknown City Employees Employed As Police Officers, i.e. 50 Unknown City

9  Police Officers.  See FAC ¶ 8.  It is the unknown police officer who allegedly used excessive

10  force against Alcay.  See id. at ¶¶ 15-17.  Alcay has indicated that he has been unable to ascertain

11  the names of these unknown police officers, but that he has sent discovery in order to identify

12  them.  Although the use of "doe pleading" is generally not favored, "where the identity of alleged

13  defendants will not be known prior to the filing of a complaint . . . the plaintiff should be given

14  an opportunity through discovery to identify the unknown defendants, unless it is clear that

15  discovery would not uncover the identities, or that the complaint would be dismissed on other

16  grounds."  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); see Wakefield v. Thompson,

17  177 F.3d 1160, 1163 (9th Cir. 1999).  The Court is unaware of any reason why discovery would

18  not yield the identities of the unknown police officers, and the City raises no other basis for

19  dismissal.  Therefore, dismissal of this cause of action, on the basis that no individual defendants

20  have been named, is inappropriate at this time.  Wakefield, 177 F.3d at 1163; Gillespie, 629 F.2d

21  at 642.  Alcay will be permitted to attempt to discover the unknown police officers' identities.

22       However, Alcay is bringing suit against the unknown City police officers in both their

23  individual and official capacities.  A suit against a governmental employee in his official capacity

24  is equivalent to a suit against the governmental entity itself.  Mitchell v. Dupnik, 75 F.3d 517,

25  527 (9th Cir. 1996).  When "officers in their official capacity and the local government entity for

26  whom they work are both named in a lawsuit, the officers in their official capacity are redundant

27  defendants and may be dismissed."  Wisler v. City of Fresno, 2007 U.S.Dist. LEXIS 18666, *19

28  (E.D. Cal. 2007); Luke v. Abbott, 954 F. Supp. 202, 203-04 (C.D. Cal. 1997).  Because the City

4

is already a named defendant in this case, the Court will dismiss all of the unknown police

officers in their official capacities.

### 2.        Second Cause of Action – 42 U.S.C. § 1983 – *Monell* Liability

*Defendant's Argument*

The City argues that this claim fails because there is no City policy identified.  To the

extent that Alcay is attempting to allege inadequate training, the claim fails.  There are no

allegations that demonstrate a failure to train that amounts to a constitutional deprivation.

Instead, the FAC contains only generalized allegations that do not reflect a plausible claim.

*Plaintiff's Opposition*

Alcay argues that when multiple police officers are involved in a constitutional

deprivation, there is a correlation to inadequate training.  The FAC alleges that the City has a

custom or practice of failing to meaningfully investigate and discipline police officers who are

known to have repeatedly violated the public's rights.  Further, Alcay argues that he has served

discovery regarding documents, manuals, and training.

*Legal Standard*

Municipalities are considered "persons" under 42 U.S.C. § 1983 and therefore may be

liable for causing a constitutional deprivation.  Monell, 436 U.S. at 690; Long, 442 F.3d at 1185.

Liability only attaches where the municipality itself causes the constitutional violation through

"execution of a government's policy or custom, whether made by its lawmakers or by those

whose edicts or acts may fairly be said to represent official policy."  Monell, 436 U.S. at 694;

Ulrich v. City & County of San Francisco, 308 F.3d 968, 984 (9th Cir. 2002).  Municipal liability

may be premised on: (1) conduct pursuant to an expressly adopted official policy; (2) a

longstanding practice or custom which constitutes the 'standard operating procedure' of the local

government entity; (3) a decision of a decision-making official who was, as a matter of state law,

a final policymaking authority whose edicts or acts may fairly be said to represent official policy

in the area of decision; or (4) an official with final policymaking authority either delegating that

authority to, or ratifying the decision of, a subordinate.  See Price v. Sery, 513 F.3d 962, 966 (9th

Cir. Or. 2008); Lytle v. Carl, 382 F.3d 978, 982 (9th Cir. 2004); Ulrich, 308 F.3d at 984-85;

1    Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1995).  A "policy" is a deliberate choice to follow a

2    course of action . . . made from among various alternatives by the official or officials responsible

3    for establishing final policy with respect to the subject matter in question."  Fogel v. Collins, 531

4    F.3d 824, 834 (9th Cir. 2008); Long, 442 F.3d at 1185.  A "custom" for purposes of municipal

5    liability is a widespread practice that, although not authorized by written law or express

6    municipal policy, is so permanent and well-settled as to constitute a custom or usage with the

7    force of law."  St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988); Los Angeles Police Protective

8    League v. Gates, 907 F.2d 879, 890 (9th Cir. 1990); see also Bouman v. Block, 940 F.2d 1211,

9    231-32 (9th Cir. 1991). "Liability for improper custom may not be predicated on isolated or

10   sporadic incidents; it must be founded upon practices of sufficient duration, frequency and

11   consistency that the conduct has become a traditional method of carrying out policy."  Trevino,

12   99 F.3d at 918; see also McDade v. West, 223 F.3d 1135, 1141 (9th Cir. 2000).  After proving

13   one of the above theories of liability, the plaintiff must show that challenged municipal conduct

14   was both the cause in fact and the proximate cause of the constitutional deprivation.  See Harper

15   v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008); Trevino, 99 F.3d at 918.

16            *Discussion*

17            As an initial matter, Alcay's reliance on outstanding discovery requests to support his

18   *Monell* claims is not persuasive.  *Iqbal* clarified that the plausibility standard is meant to

19   determine which claims are sufficient to justify the expense and inconvenience of discovery.  See

20   Iqbal, 556 U.S. at 678-79 ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff

21   armed with nothing more than conclusions."); OSU Student Alliance v. Ray, 699 F.3d 1053,

22   1078 (9th Cir. 2012).  If the factual allegations do not plausibly support a valid claim, then

23   discovery is not justified and the claim will not go forward.  See Iqbal, 556 U.S. at 678-79; OSU,

24   699 F.3d at 1078; Starr, 652 F.3d at 1216.  Unlike the previous cause of action, it is not necessary

25   for Alcay to specifically identify an individual.  Alcay either possess enough facts to plausibly

26   allege a *Monell* claim, or he does not.  If he does not, then his *Monell* claim is implausible and

27   discovery will not go forward.  See id.

28            Allegations of *Monell* liability will be sufficient for purposes of Rule 12(b)(6) if they: (1)

6

identify the challenged policy/custom; (2) explain how the policy/custom is deficient; (3) explain how the policy/custom caused the plaintiff harm; and (4) reflect how the policy/custom amounts to deliberate indifference, i.e. show how the deficiency involved was obvious and the constitutional injury was likely to occur.  See Young v. City of Visalia, 687 F.Supp.2d 1155, 1163 (E.D. Cal. 2010).

Here, there are two practices or policies identified in the FAC.  The first is "employment, deployment, and retention of [police officers] who have a propensity for violence, dishonesty, and additional abuses . . ."  FAC ¶ 22.  The second is "refusing to meaningfully investigate or discipline peace officers who are known to have repeatedly violated the constitutional rights of the public."  FAC ¶ 23.

With respect to the first practice, it is not clear to the Court what Alcay is attempting to allege.  The allegations could mean either that the City knowingly employs, deploys, and retains "abusive" officers, or that the City's hiring practices are inadequate and it is the inadequacy that leads to employment, deployment, or retention of "abusive" officers.  If the former is intended, then the deficiency is evident, and deliberate indifference is apparent.  If the latter is intended, then the allegations do not adequately identify how or what part of the City's hiring practices are inadequate, and deliberate indifference is not apparent.  Cf. Young, 687 F.Supp.2d at 1163.  However, irrespective of the intention behind the pleaded practice, the FAC fails to allege how Alcay was harmed by the City's practice.  There are no allegations that address causation in any fashion.  Because of the ambiguity regarding the practice at issue, and the absence of causation allegations, dismissal of this theory with leave to amend is appropriate.[2]  See id. at 1163-64.

With respect to the second practice, there are similar problems.  This practice has two components, discipline and investigation.  As to the "meaningful discipline" component, the Court understands the allegation to mean a failure to impose discipline that is designed to deter and/or correct an officer's unconstitutional conduct.  Deliberate indifference can be inferred from

---

[2]If Alcay chooses to pursue this theory in an amended complaint, then he will be required to clarify whether he is alleging knowing employment, deployment, and retention by the City.  If he is not alleging knowing conduct, and is instead relying on inadequacies in the hiring process, then the amended complaint shall contain allegations that identify what part/aspect of the hiring process is deficient.

such a practice.  As to the "meaningful investigation" component, it is unclear what Alcay is

attempting to allege.  The allegation could be intended to reflect either a deliberate choice to

conduct "perfunctory investigations," or it could be intended to mean that there are specific

components of the investigation policy that are inadequate.  If the former is intended, then the

deficiency is evident, and deliberate indifference is apparent.  If the latter is intended, then the

allegations do not sufficiently identify how or what part of the City's hiring practices is

inadequate, and deliberate indifference is not apparent.  Cf. id. at 1163.  However, like the

previous practice regarding employment, deployment, and retention, there are absolutely no

allegations that discuss or show causation as to either investigation or discipline.  Because of the

ambiguity regarding "meaningful investigation," and the absence of causation allegations,

dismissal of this theory with leave to amend is appropriate.[3]  See id. at 1163-64.

### **3.**     **Fourth Cause of Action – State Law False Arrest & Imprisonment**

*Defendant's Argument*

The City argues that Alcay has not followed the proper procedure for bringing a claim

against the City for false arrest and imprisonment.  The government claim form submitted was

limited to the issue of excessive force.  Because false arrest and imprisonment were not part of

the government claim, Alcay cannot recover under these theories.

*Plaintiff's Opposition*

Alcay argues that, as part of the government claim form submitted, there were numerous

attachments that documented Alcay's treatment and the resulting injuries.  One of the documents

indicates that Alcay was walking on the sidewalk, became aware that his cousin was on the

ground, Alcay then ran, was pushed against a fence, and then lost consciousness.  Thus, the facts

of this cause of action were adequately presented in the government claim form.

*Legal Standard*

As a prerequisite for money damages litigation against a public entity, the California

---

[3]If Alcay chooses to pursue the "meaningful investigation" practice in an amended complaint, then he will be required to clarify whether he is alleging intentional/deliberate perfunctory investigations by the City.  If he does not intend to allege such conduct, and is instead relying on inadequacies in the investigation policy, then the amended complaint shall contain allegations that identify which part/aspect of the investigation policy is deficient.

Government Claims Act ("CGCA") requires presentation of the claim to the entity.  See Cal. Gov. Code § 945.4;[4] Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208 (2007); State of California v. Superior Court, 32 Cal.4th 1234, 1240-44 (2004) ("Bodde").  The presented claim must meet the requirements of Government Code § 910.  Cal. Gov. Code §§ 910, 945.4; Stockett v. Association of Cal. Water Agencies Joint Powers Ins. Auth., 34 Cal.4th 441, 445 (2004). Section 910 requires the claimant to state the "date, place, and other circumstances of the occurrence or transaction which gave rise to the claim asserted" and to provide a "general description of the . . . injury, damage or loss incurred so far as it may be known at the time of presentation." Cal. Gov't Code § 910;[5] Stockett, 34 Cal.4th at 445.  These statutes are not intended "to prevent surprise," rather they are intended to "provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation."  City of San Jose v. Superior Court, 12 Cal. 3d 447, 455 (Cal. 1974); see Stockett, 34 Cal.4th at 446.  Because the claims statute is designed to give a public entity "notice sufficient for it to investigate and evaluate the claim . . . the statute should not be applied to snare the unwary where its purpose is satisfied," and the "claim need not contain the detail and specificity required of the pleading, but need only fairly describe what the entity is alleged to have done." Stockett, 34 Cal.4th at 446.  If a plaintiff "relies on more than one theory of recovery against the [governmental entity], each cause of action must have been reflected in a

---

[4]In its entirety, Cal Gov Code § 945.4 reads:
Except as provided in Sections 946.4 and 946.6, no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board, in accordance with Chapters 1 and 2 of Part 3 of this division.

[5]Cal. Gov't Code § 910 reads:
A claim shall be presented by the claimant or by a person acting on his or her behalf and shall show all of the following:
(a) The name and post office address of the claimant.
(b) The post office address to which the person presenting the claim desires notices to be sent.
(c) The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted.
(d) A general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim.
(e) The name or names of the public employee or employees causing the injury, damage, or loss, if known.
(f) The amount claimed if it totals less than ten thousand dollars ($ 10,000) as of the date of presentation of the claim, including the estimated amount of any prospective injury, damage, or loss, insofar as it may be known at the time of the presentation of the claim, together with the basis of computation of the amount claimed. If the amount claimed exceeds ten thousand dollars ($ 10,000), no dollar amount shall be included in the claim. However, it shall indicate whether the claim would be a limited civil case.

timely claim.  In addition, the factual circumstances set forth in the written claim must correspond with the facts alleged in the complaint." Dixon v. City of Livermore, 127 Cal.App.4th 32, 40 (2005); see Stockett, 34 Cal.4th at 447.  "[A] complaint is vulnerable to a demurrer if it alleges a factual basis for recovery which is not fairly reflected in the written claim."  Stockett, 34 Cal.4th at 447.  However, as the California Supreme Court has explained:

> The claim, however, need not specify each particular act or omission later proven to have caused the injury.  A complaint's fuller exposition of the factual basis beyond that given in the claim is not fatal, so long as the complaint is not based on an "entirely different set of facts."  Only where there has been a "complete shift of allegations, usually involving an effort to premise civil liability on acts or omissions committed at different times or by different persons than those described in the claim" have courts generally found the complaint barred.  Where the complaint merely elaborates or adds further detail to a claim, but is predicated on the same fundamental actions or failures to act by the defendants, courts have generally found the claim fairly reflects the facts pled in the complaint.

Id.; see also Dixon, 127 Cal.App.4th at 40; White v. Superior Court, 225 Cal.App.3d 1505, 1510-11 (1990).  In other words, it is permissible to plead additional theories where the "additional theories [are] based on the same factual foundation as those in the claim, and the claim provide[s] sufficient information to allow the public agency to conduct an investigation into the merits of the claim." Dixon, 127 Cal.App.4th at 42.

Further, the Tort Claims Act contains provisions for suits against public employees. Government Code § 950.2 reads:

> Except as provided in Section 950.4,[6] a cause of action against a public employee or former public employee for injury resulting from an act or omission in the scope of his employment as a public employee is barred if an action against the employing public entity for such injury is barred under Part 3 (commencing with Section 900) of this division or under Chapter 2 (commencing with Section 945)[7] of Part 4 of this division. This section is applicable even though the public entity is immune from liability for the injury.

Cal. Gov't Code § 950.2.

Accordingly, § 950.2 mandates that "'a cause of action against a public employee . . . for injury resulting from an act or omission in the scope of his employment as a public employee is

---

[6] Section 950.4 applies to those who do not know or have reason to know that an injury resulted from conduct by a public entity or a public employee.  Cal. Gov't Code § 950.4.

[7] As discussed above, § 945.4 requires that notice of claim be sent to a public entity before a suit for damages may be brought.  Cal. Gov't Code § 945.4.

barred' unless a timely claim has been filed against the employing public entity." <u>Fowler v.</u> <u>Howell</u>, 42 Cal.App.4th 1746, 1750 (1996); <u>see also</u> <u>People ex rel. Harris v. Rizzo</u>, 214 Cal.App.4th 921, 939 (2013).  The California Legislature "included in the Tort Claims Act what amounts to a requirement that . . . one who sues a public employee on the basis of acts or omissions in the scope of the defendant's employment [must] have filed a claim against the public-entity employer pursuant to the procedure for claims against public entities." <u>Briggs v.</u> <u>Lawrence</u>, 230 Cal. App. 3d 605, 612-13 (1991) (citing Cal. Gov. Code §§ 911.2, 945.4, 950.2, 950.6(a)).

Compliance with the CGCA is an element of a cause of action against a public entity or a public employee acting in the scope of employment.  <u>See</u> <u>Via v. City of Fairfield</u>, 833 F.Supp.2d 1189, 1197 (E.D. Cal. 2011); <u>Shirk</u>, 42 Cal.4th at 209; <u>Bodde</u>, 32 Cal.4th at 1240-44.  As a result, the failure to allege compliance or excuse from compliance with the CGCA subjects a cause of action to dismissal.  <u>See</u> <u>Karim-Panahi v. Los Angeles Police Dep't</u>, 839 F.2d 621, 627 (9th Cir. 1988); <u>Shirk</u>, 42 Cal.4th at 209;  <u>Bodde</u>, 32 Cal.4th at 1239-40; <u>see also</u> <u>San Jose</u>, 12 Cal.3d at 454 ("Compliance with the claims statute is mandatory, and failure to file a claim is fatal to the cause of action.").

*Discussion*

The FAC alleges that the unknown police officers were acting within the course and scope of their employment when they used force and arrested Alcay.  However, the FAC does not allege compliance with the CGCA.  <u>Cf.</u> <u>Young</u>, 687 F.Supp.2d at 1152 (holding that allegations of compliance and rejection of claim by the municipality were sufficient to withstand dismissal). Because compliance with the CGCA is an element of any claim against a public entity or a public employee who acted in the scope of employment, dismissal of each state law claim against each Defendant is appropriate.  <u>See</u> <u>Karim-Panahi</u>, 839 F.2d at 627; <u>Shirk</u>, 42 Cal.4th at 216; <u>Bodde</u>, 32 Cal.4th at 1239.

Alcay's opposition includes a copy of the CGCA petition that he submitted to the City. Alcay's entire CGCA petition is 19 pages.  The CGCA petition consists of 18 pages of medical records and a single pre-printed City CGCA form.  <u>See</u> Strassburg Dec. Ex. B.  Under the

question, "What did the entity or employee do to cause this loss, damage, or injury?", Alcay

answered, "City of Visalia – Police Department." Id. Obviously this answer is non-responsive

and does not describe the nature or bases of Alcay's claims and injuries. Similarly, under the

question, "What are the names of the city's employees who caused this injury, damage, or loss (if

known)?", Alcay wrote, "Unknown at this time, incident # is 11-12685." Presumably Incident

# 11-12685 refers to a police report, but that report has not been provided and its contents are

entirely unknown. Alcay argues that part of the attached medical records provide a factual basis

and description of his claims. Presumably Alcay is referring to the "Initial Orthopedic

Evaluation" report, and the section entitled "History Of Present Illness (as related by patient)."

See id. That section generally states that police officers threw Alcay's cousin to the ground and

then threw Alcay against a fence, which caused him to lose consciousness.[8] See id. However,

that particular section of the medical records is not identified in the single page CGCA form.

Instead, the only arguable reference to it is "see attachments," which is nonspecific and is in

response to a question about the calculation of damages. See id.

In light of the above, the Court has significant concerns about the adequacy of Alcay's

CGCA petition. The Court has concerns about the propriety of relying on factual descriptions

that are not expressly referenced but instead are buried in medical records, about whether

Incident # 11-12685 includes a factual description that is accessible to the City and that may

constitute a factual basis for Alcay's claims, or whether Alcay's petition may be considered to be

"substantially compliant." Cf. Connelly v. County of Fresno, 146 Cal.App.4th 29 (2006)

(discussing substantial compliance under the CGCA). Without additional arguments and citation

to relevant authority, it is not clear to the Court whether any factual circumstances are described

within the CGCA petition. If Alcay's CGCA petition is insufficient, then his state law claims are

not viable. Because of the importance of CGCA compliance, it is best to attempt to resolve the

---

[8]That section reads in relevant part:
"According to [Alcay], the incident occurred on or about August 28, 2011, in the Visalia area. [Alcay] states that he was walking on the sidewalk at or around 11:00 p.m. He was with his cousin. He became aware that he his cousin was on the ground and then he became frightened and ran and the next thing he knew he was pushed up against the fence. He states that he received some facial trauma and the next thing he remembers he woke up in the back seat of a police car."

issue at this point.  Instead of dismissing the state law claims with or without leave to amend, the Court will require additional briefing from the parties.  If the additional briefing shows sufficient compliance, then leave to amend will be granted at that time.

**4.**      **Fifth Cause of Action – Civil Code §§ 52 and 52.1**

*Defendant's Argument*

The City argues that Civil Code § 52 does not create a cause of action, rather it is a damages statute.  Damages under § 52 may be recovered in a suit under § 52.1, which Alcay alleges.  However, to the extent that he is attempting to bring a separate § 52 cause of action, that claim should be dismissed.

*Plaintiff's Opposition*

Alcay argues that he has adequately pled a cause of action under § 52.1, and the City's objection fails to properly address the claims stated.  The cause of action meets all the necessary requirements for stating a claim under the Bane Act.

*Discussion*

As explained above, because this is a state law claim, it is dismissed because the FAC fails to allege compliance with the CGCA.[9]  See Karim-Panahi, 839 F.2d at 627; Shirk, 42 Cal.4th at 216; Bodde, 32 Cal.4th at 1239.

Apart from the CGCA issue, Alcay's opposition is largely unresponsive to the City's argument.  However, the opposition does clarify that Alcay is pursuing a Bane Act claim.  The Bane Act is Civil Code § 52.1.  See Venegas v. County of Los Angeles, 32 Cal. 4th 820, 845 (2004); Stamps v. Superior Court, 136 Cal.App.4th 1441, 1447 (2006).  Civil Code § 52.1(b) states that a plaintiff may recover *inter alia* "damages under [Civil Code §] 52."  See Cal. Civ. Code § 52.1(b); see also Bolbol v. City of Daly City, 754 F.Supp.2d 1095, 1117 (N.D. Cal. 2010).  Given § 52.1(b)'s incorporation of the damages provided under § 52, and given Alcay's insistence that he has alleged a Bane Act claim, the fifth cause of action will be read as a claim for violation of Civil Code § 52.1 and a request for the damages provided by Civil Code § 52.

---

[9]As discussed above, whether the dismissal will be with or without prejudice is dependent upon the results of the additional briefing.  If the additional briefing shows CGCA compliance, and if the factual basis for the claim is fairly reflected in Alcay's CGCA petition, then leave to amend will be granted.

1   The fifth cause of action will not be read as alleging two separate and independent claims.  So

2   reading the fifth cause of action, there is no independent Civil Code § 52 claim to dismiss.

3   **5.       Sixth Cause of Action – Negligent Hiring, Training, & Supervision**

4   *Defendant's Argument*

5           The City argues that this cause of action is not supported by facts, but is based on legal

6   conclusions and descriptions of the elements of the cause of action.  Without actual facts being

7   pled, there is no viable cause of action.  Further, like the false arrest and imprisonment claim,

8   Alcay did not submit a CGCA petition that included a negligent hiring, training, and retention

9   claim.

10          *Plaintiff's Opposition*

11          Alcay argues that he has served discovery that seeks to ascertain the identities of the

12  supervisors and the policies and practices that are in place for hiring, training, and supervision.

13  Alcay argues that the FAC adequately states a claim, and that the fundamental actions or failures

14  for this cause of action were included in the CGCA claim form.

15          *Discussion*

16          As explained above, because this is a state law claim, it is dismissed because the FAC

17  fails to allege compliance with the CGCA.  See Karim-Panahi, 839 F.2d at 627; Shirk, 42 Cal.4th

18  at 216; Bodde, 32 Cal.4th at 1239.  However, because it is possible that Alcay has complied with

19  the CGCA, the Court will continue to address the City's additional arguments.[10]

20          With respect to the City's argument that no employees/police officers are identified, this

21  is the same point argument that was made against the first cause of action.  Pursuant to *Wakefield*

22  and *Gillespie*, Alcay will be given an opportunity to conduct discovery and determine the

23  identities of the relevant unknown City police officers.  See Wakefield, 177 F.3d at 1163;

24  Gillespie, 629 F.2d at 642.  Dismissal on this basis is inappropriate.

25          With respect to the sufficiency of the allegations, the Court agrees with the City that there

26  are problems.  The elements of actionable negligence are: (1) a legal duty to use due care; (2) a

27

28          [10]As discussed above, whether the dismissal will be with or without prejudice is dependent upon the results
    of the additional briefing.  If the additional briefing shows CGCA compliance, and if the factual basis for the claim is
    fairly reflected in Alcay's CGCA petition, then leave to amend will be granted.

1  breach of that duty; (3) causation; and (4) damages.  See Ladd v. County of San Mateo, 12

2  Cal.4th 913, 917(1996); Brown v. Ransweiler, 171 Cal.App.4th 516, 534 (2009).  "California

3  case law recognizes the theory that an employer can be liable to a third person for negligently

4  hiring, supervising, or retaining an unfit employee."  Doe v. Capital Cities, 50 Cal.App.4th 1038,

5  1054 (1996).  "Liability for negligent hiring will be imposed on an employer if it knew or should

6  have known that hiring the employee created a particular risk or hazard and that particular harm

7  materializes."  Delfino v. Agilent Techs., Inc., 145 Cal.App.4th 790, 815 (2006).

8          This cause of action is alleged against the City directly and against unknown supervisory

9  defendants.  "Liability for negligent supervision and/or retention of an employee is one of direct

10  liability for negligence, not vicarious liability."  Phillips, 172 Cal.App.4th at 1139.  However,

11  "direct tort liability of public entities must be based on a specific statute declaring them to be

12  liable, or at least creating some specific duty of care . . . ."  Eastburn v. Regional Fire Protection

13  Auth., 31 Cal.4th 1175, 1183 (2003).  California courts have identified no statutes that create a

14  mandatory duty or set an applicable standard of care for a municipality's hiring, supervising, or

15  retaining its employees.  See de Villiers v. County of San Diego, 156 Cal.App.4th 238, 252-53,

16  255-56 (2007).  Because the FAC identifies no statute that creates a duty by the City with respect

17  to hiring, supervising, retaining, or training police officers, dismissal of this cause of action

18  against the City is appropriate.

19          As for the claims against the unknown supervisory defendants, the FAC can reasonably

20  be read to allege that the unknown supervisory officers knew or should have known that some

21  police officers had a propensity for violence and abusing their authority.  Such propensities

22  would make individuals unfit to be police officers.  However, there is not an allegation that the

23  unknown defendant officers who injured Alcay were the officers who had these dangerous

24  propensities.  Further, negligent hiring, supervision, and retention are generally claims against an

25  employer.  See Phillips, 172 Cal.App.4th at 1139; Delfino, 145 Cal.App.4th at 815; see also

26  Judicial Counsel of California, Civil Jury Instructions ("CACI") § 476 (2013).  The employer in

27  this case is the City, not the supervisory defendants.  For the supervisory defendants to be liable,

28  they must be under a specific duty with respect to hiring, supervising, retaining, and training.

However, the FAC does not contain adequate allegations and descriptions of the duties that the supervisory officers were under.  Finally, the FAC alleges that the supervisory defendants negligently hired or supervised officers, or failed to properly train the officers.  However, aside from the allegation that the supervisory officers failed to discipline individual officers, there are no factual allegations that describe how the supervisory defendants' conduct was improper or breached a duty of care.  Simply alleging that the defendants were negligent, without a description of their conduct or an explanation of how the defendants' actions were negligent, amounts to nothing more than an unadorned legal conclusion.  Therefore, dismissal of this cause of action against the supervisory defendants is appropriate.[11]

### 6.   Seventh Cause of Action – Negligence

*Defendant's Argument*

The City argues that this cause of action is not alleged against it.  However, there are no individuals identified and there is no allegation of vicarious liability.  That is, the cause of action fails to state who it is alleged against or who might be liable.  Further, there is no allegation that Alcay submitted a CGCA petition that encompassed this theory.

*Plaintiff's Opposition*

Alcay argues that he has submitted written discovery in order to identify the individual police officers.  Further, Alcay argues that his CGCA petition contained adequate facts to place the City on notice of his negligence claims.

*Discussion*

Dismissal of this cause of action due to a failure to identify an individual police officer is not appropriate at this time.  Pursuant to *Wakefield* and *Gillespie*, Alcay will be given an opportunity to conduct discovery and determine the identities of the unknown City police officers.  See Wakefield, 177 F.3d at 1163; Gillespie, 629 F.2d at 642.

However, dismissal of this cause of action for failure to allege compliance with the

---

[11]The Court notes that Alcay's opposition again indicates that he has outstanding discovery regarding policies, manuals, and training.  However, as explained above, Alcay cannot rely on outstanding discovery to state a plausible claim.  The allegations in the complaint must be plausible in order to justify discovery.  See Iqbal, 556 U.S. at 678-79 ; OSU, 699 F.3d at 1078; Starr, 652 F.3d at 1216.

1  CGCA is appropriate.[12]  See Karim-Panahi, 839 F.2d at 627; Shirk, 42 Cal.4th at 216; Bodde, 32

2  Cal.4th at 1239.

3  **7.      Third Cause of Action – Assault & Battery**

4  The City does not move to dismiss the third cause of action for assault and battery.

5  Nevertheless, the FAC fails to allege that Alcay complied with the CGCA.  Therefore, the third

6  cause of action will be dismissed.[13]  See Karim-Panahi, 839 F.2d at 627; Shirk, 42 Cal.4th at 216;

7  Bodde, 32 Cal.4th at 1239.

8

9  **CONCLUSION**

10  The City has moved to dismiss all but the third cause of action.

11  As to the first cause of action, dismissal of the City is appropriate because the FAC is

12  attempting to allege respondeat superior liability.  Dismissal of the City on this cause of action

13  will be without leave to amend because *Monell* liability is alleged in the second cause of action.

14  Dismissal of the unknown defendant officers is inappropriate because, pursuant to Ninth Circuit

15  precedent, Alcay may pursue discovery in order to determine the identities of those officers.

16  However, dismissal of the unknown officers in their official capacity is appropriate because the

17  City is a named defendant in this case.

18  As to the second cause of action, dismissal is appropriate because the FAC does not

19  adequately allege causation, and the nature of the policies or practices at issue is unclear.

20  Because it is not clear that amendment would be futile, dismissal will be with leave to amend.

21  As to the fourth cause of action, dismissal is appropriate because there is no allegation

22  that Alcay complied with the CGCA.  Until additional briefing is received, the Court reserves

23  ruling on whether there has been CGCA compliance and whether a claim for false imprisonment

24  and arrest is fairly contained within Alcay's CGCA petition.

25  ───────────────

26  [12]As discussed above, whether the dismissal will be with or without prejudice is dependent upon the results

27  of the additional briefing.  If the additional briefing shows CGCA compliance, and if the factual basis for the claim is fairly reflected in Alcay's CGCA petition, then leave to amend will be granted.

28  [13]As discussed above, whether the dismissal will be with or without prejudice is dependent upon the results of the additional briefing.  If the additional briefing shows CGCA compliance, and if the factual basis for the claim is fairly reflected in Alcay's CGCA petition, then leave to amend will be granted.

1   As to the fifth cause of action, dismissal is appropriate because there is no allegation that

2   Alcay complied with the CGCA.  Additionally, aside from the CGCA issue, dismissal of the

3   Civil Code § 52 claim is unnecessary because the Court reads the FAC as containing only a

4   request for damages under Civil Code § 52.

5   As to the sixth cause of action, dismissal is appropriate because there is no allegation that

6   Alcay complied with the CGCA.  Additionally, dismissal of the claim against the City is

7   appropriate because no statutory basis for liability is identified.  Also, dismissal of the claim

8   against the unknown supervisory defendants is appropriate because the allegations are conclusory

9   and do not adequately address duty or breach of duty.

10   As to the seventh cause of action, dismissal is appropriate because there is no allegation

11   that Alcay complied with the CGCA.

12   As to the third cause of action, although not the subject of the City's motion, dismissal is

13   appropriate because there is no allegation that Alcay complied with the CGCA.

14   Whether dismissal of the state law claims will be with or without leave to amend cannot

15   be determined at this time.  Once the Court receives the additional briefing on the CGCA

16   compliance issue, the Court will either grant or deny leave to amend, and will set a deadline in

17   which to file an amended complaint.

18

19

20                                              **ORDER**

21   Accordingly, IT IS HEREBY ORDERED that:

22   1.   The City's motion to dismiss the first cause of action is GRANTED without leave to

23        amend as to the City, but is DENIED at this time as to the unknown individual City

24        police officers;

25   2.   The City's motion to dismiss the second cause of action is GRANTED with leave to

26        amend;

27   3.   The City's motion to dismiss the third, fourth, fifth, sixth, and seventh causes of action is

28        GRANTED;

4.     The parties shall submit additional briefing, and if appropriate evidence, regarding

Alcay's compliance with the CGCA/the sufficiency of Alcay's CGCA petition on or by

July 10, 2013;

5.     The parties shall submit responses to the additional briefing on or by July 17, 2013; and

6.     The parties may file sur-responses on or by 1:00 p.m. on July 22, 2013.

IT IS SO ORDERED.

Dated:   ___June 25, 2013___                    _____

SENIOR  DISTRICT  JUDGE