IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN ALCAY,<br><br>        **Plaintiffs**,<br>v.<br><br>CITY OF VISALIA, et al.,<br><br>        **Defendants.** | 1:12-CV-1643  AWI SMS<br><br>**ORDER ON PLAINTIFF'S COMPLIANCE WITH THE CALIFORNIA GOVERNMENT CLAIMS ACT** |

    This is a civil rights case that arises from an encounter between Plaintiff Jonathan Alcay and members of the City of Visalia Police Department. On June 26, 2013, the Court granted in part and denied in part a Rule 12(b)(6) motion to dismiss. See Doc. No. 22. The Court dismissed all of the state law claims because the Complaint failed to allege compliance, or an excuse from complying, with California Government Code § 900 et seq., the California Government Claims Act ("CGCA"). In order to determine whether dismissal should be with or without leave to amend, the Court ordered the parties to submit additional briefing regarding CGCA compliance. The additional briefing has now been received. For the reasons that follow, the Court concludes that Alcay has not demonstrated compliance with the CGCA. As a result, Alcay's state law claims will be dismissed without leave to amend.

*Background*

    On August 28, 2011, Alcay was walking on a sidewalk with his cousin in Visalia,

California. Alcay noticed someone running towards them. Presumably, City police officers were following the running individual. Once the officers reached Alcay and his cousin, several unknown City police officers threw Alcay's cousin onto the ground. Alcay's instinct was to run, so he ran towards a nearby wooden fence. The unknown City police officers then pushed Alcay against the fence and pulled him backwards on the ground. Due to several severe blows to his head by the unknown City police officers, Alcay lost consciousness. Alcay sustained lacerations and bruises on his nose, right eyebrow, and lips, and the back of his head was cut open and required staples. Alcay was 17 years old at the time of the incident. Alcay had no criminal history and had committed no crime. The City police officers had no probable cause or reasonable suspicion to detain Alcay.

On February 27, 2012, Alcay's counsel submitted a CGCA claim to the City of Visalia. See Strassburg Dec. Ex. B. The claim form is a single pre-printed page. The claim form identifies Alcay as the claimant, where notices about the claim are to be sent, the location of the incident as "Visalia, CA," and the date of injury as "8/28/2011." See id. In response to the question, "What did entity or employee do to cause this loss, damage, or injury?", Alcay wrote, "City of Visalia – Police Department." Id. In response to the question, "What are the names of the city's employees who caused this injury, damage, or loss (if known)?", Alcay wrote, "Unknown at this time, incident # is 11-12685." Id. The form then states that this is an unlimited civil case. Id. In response to the question, "How was this amount calculated (please itemize)?", Alcay wrote, "See attached." Id. The "attached" refers to 17 pages of medical bills and records. See id. The claim form is then signed under penalty of perjury. See id.

Part of the medical records include an "Initial Orthopedic Evaluation" by Dr. Patchett of Healthpointe. See id. Under the "History of Present Illness: (As related by patient)" section, the records state in part:

> According to [Alcay], the incident occurred on or about August 28, 2011, in the Visalia area. [Alcay] states that he was walking on the sidewalk at or around 11:00 p.m. He was with his cousin. He became aware that he his cousin was on the ground and then he became frightened and ran and the next thing he knew he was pushed up against the fence. He states that he received some facial trauma and the next thing he remembers he woke up in the back seat of a police car."

Id. Similarly, the penultimate page of Dr. Patchett's record reads in pertinent part:

> [Alcay] gives a history of visiting some friends in the valley area on or about August 28, 2011 in the Visalia area. The patient states that he was walking on the sidewalk at around 11:00 p.m. He was with his cousin. He became aware that his cousin was on the ground and then he became frightened and ran and the next thing he knew he was pushed up against the fence. He states that he received some facial trauma and the next thing he remembers he woke up in the back seat of a police car.

id. Neither of these paragraphs are marked, highlighted, flagged, or otherwise specifically or expressly identified by Alcay in his claim form or in the medical records themselves. See id.

*Defendants' Argument*

Defendants argue that there has not been substantial compliance. The face of Alcay's claim does not contain information about what the officers did to warrant the claim. The only information that relates to what the officers did is buried in nearly twenty pages of medical records. The face of the claim does little to help the City investigate, and does not even say where in the attachments that a description of the events can be found. Further, even if the description in the medical records provides notice of an excessive force claim, there is nothing in that description that gives notice of any other asserted state law claims. Because there has not been sufficient compliance, dismissal without leave to amend is appropriate.

*Plaintiff's Argument*

Alcay argues that there was substantial compliance because all the information required by § 910 was provided in the claim form packet, even if not found in the correct locations on the claim form itself. The circumstances of the offense are provided on pages 1 and 9 of the Initial Orthopedic Evaluation, which were part of the documents attached to the claim form. The City had sufficient information before them to allow for an investigation. Because the purpose of the CGCA is to permit an investigation and thereby allow for a possible settlement, there was substantial compliance with the CGCA.

*Legal Standard*

As a prerequisite for money damages litigation against a public entity, the California Government Claims Act ("CGCA") requires presentation of a claim to the entity. See Cal. Gov. Code § 945.4; Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208 (2007); State of California v. Superior Court, 32 Cal.4th 1234, 1240-44 (2004) ("Bodde"). The submitted claim must meet

the requirements of Government Code § 910.  Cal. Gov. Code §§ 910, 945.4; Stockett v. Association of Cal. Water Agencies Joint Powers Ins. Auth., 34 Cal.4th 441, 445 (2004). Section 910 requires the claimant to *inter alia* show the "date, place, and other circumstances of the occurrence or transaction which gave rise to the claim asserted" and to show a "general description of the . . . injury, damage or loss incurred so far as it may be known at the time of presentation."  Cal. Gov't Code § 910;[1] Stockett, 34 Cal.4th at 445.  These statutes are not intended "to prevent surprise," rather they are intended to "provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation."  City of San Jose v. Superior Court, 12 Cal. 3d 447, 455 (Cal. 1974); see Stockett, 34 Cal.4th at 446.  Because the claims statute is designed to give a public entity "notice sufficient for it to investigate and evaluate the claim . . . the statute should not be applied to snare the unwary where its purpose is satisfied," and the "claim need not contain the detail and specificity required of the pleading, but need only fairly describe what the entity is alleged to have done."  Stockett, 34 Cal.4th at 446.

Where a submitted claim is deficient in some way, but the claim substantially complies with all of the statutory requirements, the doctrine of "substantial compliance" in some cases may validate the deficient claim.  See Sparks v. Kern County Bd. of Supervisors, 173 Cal.App.4th 794, 800 (2009); Connelly v. County of Fresno, 146 Cal.App.4th 29, 38 (2008). The test for substantial compliance is whether there is some compliance with all of the statutory requirements, and whether the compliance is substantial.  See Ardon v. City of Los Angeles, 52 Cal.4th 241, 247 (2011); City of San Jose, 12 Cal.3d at 456-57; Dilts v. Cantua Elem. Sch. Dist.,

---

[1] Cal. Gov't Code § 910 reads:
A claim shall be presented by the claimant or by a person acting on his or her behalf and shall show all of the following:
(a) The name and post office address of the claimant.
(b) The post office address to which the person presenting the claim desires notices to be sent.
(c) The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted.
(d) A general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim.
(e) The name or names of the public employee or employees causing the injury, damage, or loss, if known.
(f) The amount claimed if it totals less than ten thousand dollars ($ 10,000) as of the date of presentation of the claim, including the estimated amount of any prospective injury, damage, or loss, insofar as it may be known at the time of the presentation of the claim, together with the basis of computation of the amount claimed. If the amount claimed exceeds ten thousand dollars ($ 10,000), no dollar amount shall be included in the claim. However, it shall indicate whether the claim would be a limited civil case.

189 Cal.App.3d 27, 33 (1987).  If the face of the filed claim discloses sufficient information to enable the public entity to make an adequate investigation of the claim's merits and settle it without the expense of litigation, then there will be "substantial" compliance with § 910 and § 910.2.  See Ardon, 52 Cal.4th at 247-48; City of San Jose, 12 Cal.3d at 456; Connelly, 146 Cal.App.4th at 38; Loehr v. Ventura Cty. Cmty. Coll. Dist., 147 Cal.App.3d 1071, 1083 (1983). However, the doctrine of substantial compliance cannot cure the "total omission of an essential element from the claim, or remedy a plaintiff's failure to comply meaningfully with the statute." Sparks, 173 Cal.App.4th at 800; Connelly, 146 Cal.App.4th at 38; California ex rel Dep't of Transp. v. Superior Ct., 159 Cal.App.3d 331, 335 (1984); Loehr, 147 Cal.App.3d at 1084.

Further, § 950.2 of the CGCA mandates that "'a cause of action against a public employee . . . for injury resulting from an act or omission in the scope of his employment as a public employee is barred' unless a timely claim has been filed against the employing public entity."  Fowler v. Howell, 42 Cal.App.4th 1746, 1750 (1996); see also People ex rel. Harris v. Rizzo, 214 Cal.App.4th 921, 939 (2013).  The California Legislature "included in the [CGCA] what amounts to a requirement that . . . one who sues a public employee on the basis of acts or omissions in the scope of the defendant's employment [must] have filed a claim against the public-entity employer pursuant to the procedure for claims against public entities." Briggs v. Lawrence, 230 Cal. App. 3d 605, 612-13 (1991) .

Compliance with the CGCA is an element of a cause of action against a public entity or a public employee acting in the scope of employment.  See Via v. City of Fairfield, 833 F.Supp.2d 1189, 1197 (E.D. Cal. 2011); Shirk, 42 Cal.4th at 209; Bodde, 32 Cal.4th at 1240-44.  As a result, the failure to allege compliance or excuse from compliance with the CGCA subjects a cause of action to dismissal.  See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988); Shirk, 42 Cal.4th at 209;  Bodde, 32 Cal.4th at 1239-40; see also San Jose, 12 Cal.3d at 454 ("Compliance with the claims statute is mandatory, and failure to file a claim is fatal to the cause of action.").  The claims statutes must be satisfied even in the face of the public entity's actual knowledge of the circumstances surrounding the claim.  City of Stockton, 42 Cal.4th at 738; City of San Jose, 12 Cal.3d at 455; Loehr, 147 Cal.App.3d at 1084.

*Discussion*

In the dismissal order, the Court explained its rationale for requesting additional briefing:

> The Court has concerns about the propriety of relying on factual descriptions that are not expressly referenced but instead are buried in medical records, about whether Incident # 11-12685 includes a factual description that is accessible to the City and that may constitute a factual basis for Alcay's claims, or whether Alcay's petition may be considered to be "substantially compliant." Cf. Ardon v. City of Los Angeles, 52 Cal.4th 241, 247-48 (2011) (discussing substantial compliance under the CGCA). Without additional arguments and citation to relevant authority, it is not clear to the Court whether any factual circumstances are described within the CGCA petition. If Alcay's CGCA petition is insufficient, then his state law claims are not viable. Because of the importance of CGCA compliance, it is best to attempt to resolve the issue at this point. Instead of dismissing the state law claims with or without leave to amend at this time, the Court will require additional briefing from the parties. If the additional briefing shows sufficient compliance, then leave to amend will be granted at that time.

Docket Doc. No. 22.

Alcay contends that his claim is sufficient because he has substantially complied with the requirements of § 910. Like his previous opposition, Alcay relies heavily on the two paragraphs found within the 17 pages of medical records and bills.

As indicated above, "substantial compliance" is determined by examining the face of the claim. See City of San Jose, 12 Cal.3d at 456; Connelly, 146 Cal.App.4th at 38; Loehr, 147 Cal.App.3d at 1083. The face of Alcay's claim asks specifically for a description of what conduct caused him injury, consistent with §§ 910(c) and (d). Alcay's answer provides no responsive information. There is nothing on the face of Alcay's claim that describes in any way what the City or its employees did to Alcay that gave rise to his claim.[2] That is, Alcay's claim fails to "fairly describe what the entity is alleged to have done." Stockett, 34 Cal.4th at 446.

The face of Alcay's claim does answer "see attached" and did attach 17 pages of medical records. However, as indicated above, that answer is not in response to the relevant question. Further, the portion of the medical records identified is not a statement by Alcay himself. Instead, the relevant portions are statements by a doctor who is purporting to chronicle what Alcay told him. Alcay did nothing to highlight, identify, or otherwise direct or bring the two

---

[2] The Court ordered the parties to file initial supplemental briefing and a response to the supplemental briefing. Alcay filed a supplemental brief, but did not file the ordered response. Thus, Alcay did not respond to the City's argument that the face of Alcay's claim did not show substantial compliance.

relevant paragraphs to the City's attention.  There is nothing about the completed claim form that shows Alcay is adopting the physician's account of the incident as his own, or that this is the account that the City should consider in evaluating Alcay's claim.  The Court is aware of no authority that requires a public entity to search through attached records or documents in order to ferret out a factual basis for a claim, when the records are not submitted in response to a question about the circumstances of the claim and the relevant information is not otherwise marked or identified or adopted.  Alcay cites no authority that has found substantial compliance under similar circumstances.[3]  Thus, Alcay has not shown that the attachment of medical records is sufficient for substantial compliance under the facts of this case.

*Conclusion*

 The face of Alcay's claim form does not describe the circumstances that gave rise to his claim.  Without a description of the basis for the claim, there is not substantial compliance with § 910.  See Sparks, 173 Cal.App.4th at 800 (noting that there can be no substantial compliance if there is a total omission of statutory element).  Considering the claim form submitted, the documents attached, and the absence of relevant authority, the Court cannot hold that Alcay substantially complied with § 910.  No authority has been identified that would permit the attached medical records to serve as the factual basis for his claim.  Because Alcay has not shown substantial compliance or that he has otherwise followed the CGCA, Alcay cannot meet an essential element of his state law claims.[4]  Therefore, dismissal of the state law claims will be without leave to amend.

---

[3]As part the Court's discussion for the need for more briefing, the Court specifically mentioned "Incident # 11-12685."  The Court speculated that this incident number might be a police report, and that the report might be relevant to the issue of compliance.  However, Alcay did not submit a copy of any reports associated with "Incident # 11-12685," and his supplemental briefing does not address "Incident # 11-12685" in any meaningful way.  Rather, the supplemental briefing states only that "Incident # 11-12685" was identified in answer to a question about the names of the public employees involved.  In the absence of additional evidence and argument, the reference to "Incident # 11-12685" does not aid Alcay.

[4]The "Legal Standard" section of Alcay's supplemental brief states that a claim that does not substantially comply with § 910 may still be considered a claim "as presented" if it puts the entity on notice that the claimant is attempting to file a valid claim, and that litigation will result if the claim is not resolved.  See Supplement Brief at 1:25-2:1.  It is true that a document that does not substantially comply with § 910 in some cases may be considered a "claim as presented."  See City of Stockton, 42 Cal.4th at 744-45 & n.11; Phillips v. Desert Hosp. Dist., 49 Cal.3d 699, 707-09 (1989).  However, Alcay does not address this theory further or attempt to show that the "claim as presented" doctrine applies to him.  Instead, Alcay's brief argues only substantial compliance.  To the extent that Alcay intended to rely on the "claim as presented" doctrine, he has failed to adequately develop this argument.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The dismissal of all of Plaintiff's state law claims is WITHOUT LEAVE TO AMEND;

2. Plaintiff may file an amended complaint with respect to the second cause of action within twenty (20) days of service of this order;[5] and

3. If Plaintiff fails to file an amended complaint, Defendants shall file an answer within thirty (30) days of service of this order.

IT IS SO ORDERED.

Dated:   August 5, 2013

SENIOR DISTRICT JUDGE

---

[5] If Alcay has learned the names of the unknown officers who allegedly used excessive force, then the names of those officers should be included in the amended complaint.